IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FREDERICK BANKS, | )<br>) |
| Plaintiff, | ) Civil Action No. 2:15-cv-0779<br>) |
| v. | ) District Judge David S. Cercone<br>) Magistrate Judge Lisa Pupo Lenihan |
| ELIZABETH FISHBACK, *et al.*, | )<br>) |
| Defendants. | ) ECF No. 1<br>)<br>)<br>) |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion for Leave to Proceed in Forma Pauperis filed by Frederick Banks (ECF No. 1) be denied and that the Clerk of Court mark this case closed.

### II. REPORT

Plaintiff, Frederick Banks, commenced this civil action on June 15, 2015 in this Court by filing a Motion for Leave to Proceed in Forma Pauperis (ECF No. 1) on Form AO 240, "Application to Proceed in District Court Without Prepaying Fees or Costs." Pursuant to 28 U.S.C. § 1915(a), when a plaintiff has requested leave to proceed in forma pauperis, his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. § 1915(e).

1

Section 1915(e)(2), as amended, requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). "[A] complaint...is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hawkins v. Coleman Hall, C.C.F.*, No. 11-3467, 2011 WL 5970977, at *2 (3d Cir. Nov. 30, 2011) ("An appeal is frivolous when it lacks an arguable basis either in law or fact.") (citing *Neitzke,* 490 U.S. at 325). Thus, pursuant to § 1915(e)(2)(B), courts are "authorized to dismiss a claim as frivolous where 'it is based on an indisputable meritless legal theory or where the factual contentions are clearly baseless.'" *O'Neal v. Remus*, No. 09-14661, 2010 WL 1463011, at *1 (E.D. Mich. Mar. 17, 2010) (quoting *Price v. Heyrman*, No. 06-C-632, 2007 WL 188971, at *1 (E.D. Wis. Jan. 22, 2007) (citing *Neitzke*, 490 U.S. at 327)).

Dismissal of the complaint as malicious under § 1915(e)(2)(B)(i) is warranted where after examining the litigant's subjective motivation for filing the lawsuit, the court determines that the action is an attempt to vex, injure or harass the defendant. *Daley v. U.S. Attorneys Office*, 538 F. App'x 142, 143-44 (3d Cir. 2013) (citing *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995)). Some courts have recognized more objective instances of malicious claims, for example, where the complaint "duplicates allegations of another [ ] federal lawsuit by the same plaintiff." *Daley v. U.S. Dist. Court Dist. of Del.*, 629 F. Supp.2d 357, 359-60 (D. Del. 2009) (citations and internal quotation marks omitted), *aff'd,* 383 F. App'x 178 (3d Cir. 2010), or where the complaint "is plainly

abusive of the judicial process," *Abdul-Akbar v. Dep't of Corr.,* 910 F. Supp. 986, 999 (D. Del. 1995) (citations omitted), *aff'd,* 111 F.3d 125 (3d Cir. 1997).

Plaintiff, who describes himself as an American Indian, has named 13 defendants consisting of U.S. Senator Bob Casey, his Chief of Staff, Jim Brown, and the supervisor in his Pittsburgh office, Elizabeth Fishback; U.S. Senator Pat Toomey; the Federal Bureau of Investigation ("FBI"), the Director of the FBI, James Comey, and Special Agents Sean Langford and Timothy Pivnichny; the Central Intelligence Agency ("CIA") and the Director of the CIA, Jim Brennan; the Capitol Police, Capitol Police Agent Blasey, and the Capitol Police Supervisor, Sargent Bell; in the Complaint for Writ of Mandamus (ECF No. 1-1) attached to his Motion for Leave to Proceed in forma pauperis. Plaintiff alleges that Defendants owe him "a duty, pursuant to their Constitutional Oaths of Office and the Trust Relationship in the 1868 Treaty of Fort Laramie, 15 Stat 635 to uphold the U.S. Constitution . . . including the Due Process and Unlawful takings clauses of the Fifth Amendment." *See* Compl. ¶1 (ECF No. 1-1 at 1). Plaintiff also alleges that Defendants violated the "bad men" clause under the Sioux Treaty of Fort Laramie. *Id.* The conduct allegedly giving rise to these violations stems from the actions of Defendant Timothy Pivnichny, a special agent with the FBI, that allegedly took place in 2003 and 2004, and the other Defendants' alleged failure to investigate Pivnichny's actions, despite being informed of same by Plaintiff. *Id.* at ¶2 (ECF No. 1-1 at 1-2). In addition, Plaintiff alleges that the FBI contacted and employed the CIA to harass him electronically using a technology known as Synthetic Telepathy. *Id.*

For relief, Plaintiff seeks a writ of mandamus which: (1) orders Defendants Fishback, Brown, Casey and Toomey to contact the FBI and ascertain the status of his

3

property and make an official inquiry as to why his claims have not been investigated; (2) orders the Capitol Police and its agents, including Blasey and Bell to "cease and desist in directing him to not have contact with Senator[ ] Casey's office when he has issues of legitimate concern that DO NOT INVOLVE ANY COURT CASE"; and (3) gives notice that Congress has the power to investigate Plaintiff's claims under *CIA v. Sims*, 471 U.S. 159 (1985). *Id.* at ¶3 (ECF No.1-1 at 2).

The motion for IFP is defective in two respects. First, it does not attach service copies for each defendant named in the complaint or the required Marshal's 285 form completed for each defendant. More importantly, Plaintiff has not attached a statement making the required certifications as ordered by Judge Nora Barry Fischer in her Memorandum Order dated November 6, 2013 (ECF No. 10) in Case No. 2:13-cv-1198, in which she denied Plaintiff's motion for leave to proceed in forma pauperis and also entered the following order:

> **IT IS FURTHER ORDERED** that as to all future civil actions filed by Mr. Banks in which he requests leave to proceed IFP (except petitions for writ of habeas corpus), in addition to the other requirements for requesting *in forma pauperis* status, Plaintiff is required to attach to his motion for leave to proceed *in forma pauperis* a statement certifying: (1) that the claims he wishes to present are new claims never before raised and disposed of on the merits by any federal court, (2) that he believes the facts alleged in his complaint to be true, and (3) that he knows of no reason to believe his claims are foreclosed by controlling law. If Plaintiff fails to attach this certification, such failure will result in denial of the motion for leave to proceed *in forma pauperis*. If it should be determined that a false certification has been made, Plaintiff may be held in contempt of court and the Court may impose appropriate sanctions and/or punishment, after notice and an opportunity to be heard on the matter.

4

*Banks v. Unknown Named Number of U.S. Postal Inspectors,* Case No. 2:13-cv-1198, Mem. Order, ECF No. 10 (W.D. Pa. Nov. 6, 2013). Accordingly, because Plaintiff has failed to attach the required certification to his IFP motion, the Court recommends that his motion for leave to proceed in forma pauperis be denied and the case closed. Should Plaintiff wish to proceed with this case, he must file a motion to reopen the case and submit either the required certification statement or the $400 filing fee.

### III. **CONCLUSION**

It is respectfully recommended that the Motion for Leave to Proceed in Forma Pauperis filed by Frederick Banks (ECF No. 1) be denied and that the Clerk of Court mark the case closed.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: June 23, 2015

BY THE COURT:

LISA PUPO LENIHAN
U. S. Magistrate Judge

cc: Frederick Banks
U.S. Steel Tower
600 Grant Street
Suite 660
Pittsburgh, PA 15219
*Via First Class Mail*

5